Appeal from a judgment of the Supreme Court in favor of respondents, entered October 21, 1949, in New York County, upon a verdict rendered at a Trial Term.

Per Curiam.

Plaintiff appeals from a judgment entered on a jury’s verdict in favor of defendants except the part that dismissed defendants’ counterclaim. Defendants do not appeal.
On the claim of an anticipatory breach by defendants before the date of performance under a written agreement between the parties, plaintiff sued to recover moneys paid defendants as advanced royalties and also for damages.
While the issues between the parties were essentially issues of fact depending on the credibility of the witnesses, we feel constrained to reverse and order a new trial because of errors in the court’s charge. It was error for the court to charge in effect that defendants’ intention would control in determining whether there was an anticipatory breach by refusal to open on February 1, 1949. Not defendants’ intention, but their words and acts communicated to plaintiff, should control.
The court also erred in charging the jury with regard to the burden of proof as to waiver of performance on February 1, 1949, alleged as a defense in the answer and supported by testimony of defendants’ witnesses. The court said that the burden was on plaintiff and “ stays with the plaintiff ” but “ the burden of going forward with proof with respect to the extension is on the defendant. The defendant must prove that it got that extension. That is its job.” Plaintiff excepted. As to the defense of waiver, the rule of going forward with proof did not apply. The burden as to such defense at all times rested with defendants and the court should have so charged. The error was not cured by the last two sentences of the court’s charge in answer to this request. They were at best contradictory of what the court had just said and were not clarifying but confusing.
The court charged that time was of the essence; defendants did not except; that is the law of the case on this appeal. Plaintiff admitted that defendants had asked for an extension and it may be that the jury in its verdict determined that defendants did not unqualifiedly repudiate the contract in advance and refuse substantially to perform before the date set for the opening; but, as the verdict was a general one, we cannot determine with certainty whether that specific issue was resolved in defendants’ favor. On retrial, in addition to a general verdict, it would be well to have a special verdict on the essential controversial issue of fact, namely, whether defendants merely asked for a short extension of time of the first showing of the picture, or whether they unqualifiedly réfused in advance to present the first showing on the date agreed on in the contract. '
• There were other errors that need not be. noted as they are not likely to recur on a new trial.
*847 The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.
Peek, P. J., Grlennon, Dore, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.